## In re KESSLER.

## GILFORD v. LEVY.

(Circuit Court of Appeals, Seventh Circuit.
May 14, 1925.)

No. 3491.

Bankruptcy ⊗114(1)—Creditor held not entitled to recover money paid to marshal for expenses in caring for bankrupt's property.

Creditor, who petitioned for appointment of receiver and made no objection to court's appointment of marshal to take charge thereof, and without objection under order of court paid marshal for expenses incurred in caring for property, was not entitled to recover money from marshal, even if court had no jurisdiction to order such payment, where he made no effort to be reimbursed for more than two months after marshal turned over property to trustee, and did not file petition seeking reimbursement until after estate had been administered, property distributed, and trustee discharged.

Petition to Review and Revise an Order of the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of Henry Kessler, bankrupt. On petition by Fred A. Gilford, creditor, to review and revise an order of the District Court dismissing his petition, praying that Robert R. Levy, marshal appointed by the court to take charge of the bankrupt's property, be required to repay money paid to marshal. Petition to review and revise denied.

Carroll A. Teller, of Chicago, Ill., for petitioner.

James G. Cotter, of Chicago, Ill., for respondent.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. The petition in bankruptcy in this case was filed May 25, 1922, and on the same day the petitioner here, who was one of the petitioning creditors, asked for the appointment of a receiver to take charge of the bankrupt's property. Instead of appointing a receiver, the court appointed the respondent, the marshal, who took charge of the property and cared for it. On June 30, 1922, an order of adjudication was entered and the case was referred to a referee. On August 4, 1922, the District Court entered an order directing the creditors to pay to the marshal $519.54, the amount of the costs and expenses incurred by him in caring for the property from May 25, 1922, to August 4, 1922, and petitioner paid this sum to the marshal in compliance with this order. On August 8, 1922, a trustee was

appointed, and all of the assets and property of the bankrupt were turned over to the trustee by the marshal. On July 16, 1923, the final meeting of the creditors was held. On July 17, 1923, an order of distribution was entered, and on October 1, 1923, the final report of the trustee was approved and the trustee discharged. During the administration of the estate no claim was made by petitioner against the funds or property which came into the possession of the trustee. On November 13, 1923, the petitioner filed his petition in the District Court, asking that the marshal be ordered to repay the $519.54 to him, and on November 19, 1923, he filed what he calls an amended and supplemental petition, asking the same relief. On the same day the marshal filed his answer to this petition, setting forth an itemized statement of the expenditure of the sum asked to be returned. This petition and answer were referred to a referee as special master, and on April 15, 1924, the master found the facts above stated and recommended the dismissal of the petition. The District Court so ordered. It is this order of dismissal which is sought to be reviewed and set aside.

In his petition here petitioner avers that on October 20, 1922, he made a motion to vacate the order of August 4, 1922; that he renewed this motion several times, and finally, on November 19, 1923, filed his petition for an order directing the marshal to return the money. This is the petition referred to the special master. The master makes no finding as to these earlier motions, and the record is silent as to them. But, if his averments are true, the petitioner made no move to be reimbursed until more than two months after the marshal had expended the money and had turned over all the property in his hands to the trustee.

Petitioner insists that the court had no power to enter the order of August 4, 1922. It is not necessary to consider this. Petitioner paid the money in compliance with the order without objection, and it is too late now for him to question the validity of it. The question now is: Shall the marshal be required to repay the money and bear the loss, or shall the petitioner bear it? Or, rather, the question is: Shall the court transfer to the marshal the loss which has already fallen upon the petitioner? The court will not do this where the equities are equal. But the equities are not equal between the parties concerned. The marshal, in obedience to the order of the court, took charge of the property and performed his duties properly and promptly. The petitioner asked the

court to take charge of the property. True, he asked for the appointment of a receiver, and the court appointed the marshal. But petitioner made no objection to this, and stood by his request that the court take charge. Petitioner paid the money to the marshal for expenses already incurred by him and without objection at the time. He made no effort to be reimbursed until more than two months after the marshal had turned over the property to the trustee, made no effort at all to be reimbursed out of the property cared for, and did not file the petition, the dismissal of which is now complained of, until after the estate had been administered, the property distributed, and the trustee discharged.

The petition to review and revise is denied.